Clinton L. Tapper, OSB 084883
R. Scott Taylor, OSB No. 74324
Taylor & Tapper
400 E 2nd, Suite 103
Eugene, OR 97401
Ph: 541-485-1511 / fax: 541-246-2424
Scott@taylortapper.com
Clinton@taylortapper.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHAWN AND SHARON L SCHIELE OLSON,<br><br>Plaintiff(s),<br><br>vs.<br><br>FARMERS INSURANCE,<br><br>Defendant(s). | CASE NO.: 3:16-cv-1490<br><br>COMPLAINT<br><br>BREACH OF CONTRACT<br><br>BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING<br><br>Claim over $75,000<br><br>JURY TRIAL REQUESTED |

COMES NOW the Plaintiff, represented by the undersigned attorney, and alleges as follows:

VENUE AND JURISDICTION

1. At all times material hereto, Shawn and Sharon L Schiele Olson (Olson) have been a residents of Clackamas County Oregon.

2. At all times material hereto, American Family Mutual Insurance Company, (AmFam) is and has been a corporation domiciled in the county of Dane, State of Wisconsin.

3. The claim and controversy in this matter exceeds $75,000.00

4. Defendant is authorized to conduct insurance business in the State of Oregon, and subject to the laws of Oregon.

5. The acts and/or omissions that form the basis of this complaint took place in the state of Oregon, this Court has jurisdiction over this matter pursuant to 28 USC §1332, and Venue is proper in the Portland Division.

## FACTS MATERIAL TO ALL CLAIMS FOR RELIEF

6. At all times material to this Complaint, Olson owned the dwelling and real property commonly known as 15945 SE Arista Dr. Milwaukie OR 97267. (the Property).

7. At all times material to this Complaint, Olson and the Property were insured by an AmFam homeowner policy specifically described as policy no.: 36-BG3900-01. (the Policy).

8. At all times material to this Complaint, all premiums due from Olson were paid, and the Policy was in full force and effect.

9. In consideration for payment of premiums by Olson, the Policy promised to provide coverage against certain Perils to Olson's property including the peril of fire.

10. On or about July 5, 2015, Olson suffered a fire at the Property.

11. In consideration for payment of premiums by Olson, the Policy promised to provide coverage against losses caused by fire to: the dwelling, contents, additional living expenses due to loss, Trees and Shrubs Replacement, debris removal, cleanup of pollutants, other structures and other costs incurred due to loss.

12. The policy provides for Actual Cash Value payment, and Replacement cost payment for the above coverages.

13. Olson filed a claim in connection with the loss, AmFam assigned Claim Number 00-815-046289 to the loss.

14. Olson has performed or will perform all conditions required under the policy for payment of the claim.

15. AmFam Accepted the Claim, and provided some coverage under the provisions of the policy.

BREACH OF CONTRACT: FAILURE TO PAY ACTUAL CASH VALUE - CONTENTS

16. Olson herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

17. AmFam has paid approximately $67,916.10 toward contents ACV.

18. AmFam applied inappropriately high depreciation to contents thereby wrongfully lowering the ACV of the contents and breaching the policy.

19. AmFam deleted or lost portions of the Content list, thereby failing to pay ACV on the deleted or lost items, thereby wrongfully lowering the ACV of the contents and breaching the policy.

20. Defendant has failed to pay ACV on the the dwelling, contents, additional living expenses due to loss, Trees and Shrubs Replacement, debris removal, cleanup of pollutants, other structures and other costs incurred due to loss.

21. Failure to pay full ACV is a breach of the contract.

22. As a result of the breach of contract and other actions outlined in this complaint by the Defendant, Olson has been forced to hire an attorney to represent them in this matter. Olson is entitled to recover his reasonable attorney fees incurred herein under ORS 742.061.

## BREACH OF CONTRACT: FAILURE TO PAY ACTUAL CASH VALUE – STRUCTURE

23. Olson herein re-alleges and re- incorporates all proceeding paragraphs into this cause of action.

24. AmFam has paid approximately $87,426.60 on the ACV of the structure.

25. AmFam applied inappropriately high depreciation to the line items of the structure, thereby wrongfully lowering the ACV of the structure and breaching the policy.

26. AmFam failed to accurately scope the loss, thereby failing to pay ACV on structure items in the loss and wrongfully lowering the ACV of the structure and breaching the policy.

27. Defendant has failed to pay ACV on the the dwelling, contents, additional living expenses due to loss, Trees and Shrubs Replacement, debris removal, cleanup of pollutants, other structures and other costs incurred due to loss.

28. Failure to pay full ACV is a breach of the contract.

29. As a result of the breach of contract and other actions outlined in this complaint by the Defendant, Olson has been forced to hire an attorney to represent them in this matter. Olson is entitled to recover his reasonable attorney fees incurred herein under ORS 742.061.

## BREACH OF CONTRACT: REFUSAL TO PAY REPLACEMENT COST - CONTENTS

30. Plaintiff herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

31. Plaintiff has notified AmFam of its intent to replace the contents and has been actively and reasonably replacing contents.

32. AmFam unreasonably delayed inspection of the contents, thereby delaying the payment of actual cash value on the contents.

33. AmFam or it's agents lost portions of the content inventory, thereby denying the potential to replace the unaccounted for items.

34. AmFam or its agents have not provided a reasonable amount of time for Plaintiff to replace the contents.

35. Under Oregon law, an insured is entitled to a reasonable time to replace their contents under and insurance policy.

36. Failure for AmFam to give a reasonable time to replace is a breach of the contract.

37. As a result of the breach of contract and other actions outlined in this complaint by the Defendant, Olson has been forced to hire an attorney to represent them in this matter. Olson is entitled to recover his reasonable attorney fees incurred herein under ORS 742.061.

BREACH OF CONTRACT: REFUSAL TO PAY REPLACEMENT COST - STRUCTURE

38. Plaintiff herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

39. Plaintiff has notified AmFam of its intent to replace the structure and has been actively and reasonably replacing the structure.

40. AmFam delayed or failed to accurately estimate the structure, thereby delaying or failing to give the accurate payment of actual cash value for the structure and delaying or frustrating Plaintiff's ability to begin construction of a replacement structure.

41. AmFam or its agents have not provided a reasonable amount of time for Plaintiff to replace the structure.

42. Under Oregon law, an insured is entitled to a reasonable time to replace their structure under and insurance policy.

COMPLAINT

Page 5 of 8
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

43. AmFam has refused to pay Plaintiff's replacement cost for the structure.

44. AmFam's refusal to pay replacement has wrongfully denied Plaintiff coverages and payments on; the dwelling, contents, additional living expenses due to loss, Trees and Shrubs Replacement, debris removal, cleanup of pollutants, other structures and other costs incurred due to loss.

45. Refusal to pay for replacement made within a reasonable time after the loss is a breach of the contract.

46. As a result of the breach of contract and other actions outlined in this complaint by the Defendant, Olson has been forced to hire an attorney to represent them in this matter. Olson is entitled to recover his reasonable attorney fees incurred herein under ORS 742.061.

## BREACH OF CONTRACT: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DELAING

47. Plaintiff herein re-alleges and re-incorporates all proceeding paragraphs into this cause of action.

48. Defendant Failed to acknowledge and act promptly upon communications relating to claims;

49. Defendant Refused to pay claims without conducting a reasonable investigation based on all available information

50. Defendant Failed to adopt and implement reasonable standards for the prompt investigation of claims

51. Defendant delayed and/or refused to develop accurate and full scopes of the contents and structure loss in a timely manner.

52. Defendant refused to communicate clearly and in a manner that would allow plaintiff to actually replace the items from the loss.

53. Defendant's delay, refusal and obfuscation prevented Plaintiff from replacing the structure and contents in a within one year of the loss.

54. Defendant had a duty to be clear, prompt and accurate in its communications and adjustment of the loss.

55. Defendant's failures to preform it's duties under the contract prevented plaintiff from realizing the benefit of the bargain from the contract.

56. As a result of these breaches in the duty of good faith and fair dealing, AmFam has wrongfully denied Plaintiff coverages and payments on; the dwelling, contents, additional living expenses due to loss, Trees and Shrubs Replacement, debris removal, cleanup of pollutants, other structures and other costs incurred due to loss.

57. As a result of the breach of contract and other actions outlined in this complaint by the Defendant, Olson has been forced to hire an attorney to represent them in this matter. Olson is entitled to recover his reasonable attorney fees incurred herein under ORS 742.061.

///

///

///

///

////

///

///

COMPLAINT

Page 7 of 8
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

## PRAYER

WHEREFORE, Plaintiff prays for judgment as set forth above, for economic damages in an amount to be determined at trial, but estimated to be $138,228, plus ongoing additional living expenses to be calculated by the time of trial, for prejudgment interest, reasonable attorney fees pursuant to ORS 742.061, costs and any other relief the Court deems just and appropriate.

DATED: 7/22/2016

/s/ Clinton L. Tapper

_____

Clinton L. Tapper, Attorney for Plaintiff
400 E 2nd Ave, Suite 103
Eugene, OR 97401,  OSB #084883
Ph: 541-485-1511 / fax: 541.246-2424

COMPLAINT

Page 8 of 8
Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866